UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3189-D

**Victor B. Perkins**,

    Plaintiff,

v.

**G. Alan DuBois**,

    Defendant.

**Memorandum & Recommendation**

    Plaintiff Victor B. Perkins, proceeding *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 338 (1971). D.E. 1. Perkins seeks leave to proceed in forma pauperis. D.E. 2. On August 18, 2015, Perkins filed a motion to amend his complaint. D.E. 5. On August 24, 2015, Perkins filed a "motion to compel arbitration," (D.E. 6) which the court construes as a memorandum in support of Perkins's complaint. On October 9, 2015, Perkins moved for "summary judgment as a matter of procedural default." D.E. 7. On October 19, 2015, Perkins renewed his motion for summary judgment. D.E. 8. As explained below, the undersigned recommends[1] that the court grant the motion to amend, deny the motions for summary judgment, and dismiss the action as frivolous.

    A party may amend his pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Because Perkins's complaint is subject to

---

[1] The court has referred this matter to the undersigned for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

review under 28 U.S.C. § 1915A, no defendant has been served. Accordingly, the court reviews all of Perkins's filings together with the original complaint to determine whether Perkins has stated a claim upon which relief may be granted.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. *Neitzke*, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus* 551 U.S. 89, 94 (2007) (*per curiam*) (quotation omitted). *Erickson,* however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd* , 132 S. Ct. 1327 (2012); *Nemet Chevrolet, Ltd., v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Perkins is a familiar litigant in this district, having filed at least fifteen actions since 2000 in addition to the instant complaint. *See Perkins v. Dubois*, No. 5:11-CT-3087-D, 2011 WL

2

6034546, at * 1 n.1 (E.D.N.C. Dec. 5, 2011) (collecting cases).[2] At least four of the actions involved the same claim Perkins makes here—that Assistant Federal Public Defender G. Alan DuBois, who represented Perkins at his civil commitment proceeding pursuant to 18 U.S.C. § 4246,[3] rendered him ineffective assistance of counsel at the commitment proceeding. *See Perkins v. DuBois*, No. 5:00-HC-254-H (E.D.N.C. Jul. 14, 2000); *Perkins v. DuBois*, No. 5:01-HC-806-BR (E.D.N.C. Feb. 6, 2002); *Perkins v. DuBois,* No. 5:03-HC-54 (E.D.N.C. Mar. 25, 2003); *Perkins v. DuBois,* No. 5:11-CT-3087-D (E.D.N.C. Dec. 5, 2011). Perkins argues that DuBois gave a "perfunctory performance" when he represented Perkins at his civil commitment proceeding on November 6, 1992. Am. Compl. at 2, D.E. 5. Perkins states DuBois failed to meet with him until the day of the commitment proceeding, *see* Compl. at 6, D.E. 1, and DuBois failed to request an independent mental health examiner as permitted by § 4246. *See id.*; Am. Compl. at 2–3, D.E. 5. Perkins seeks "financial compensation . . . in the amount of 5 million dollars and in the sum of 5 million dollars in punitive damages for the psychiatric and psychological depression and emotional distress and physical damages in which he suffered irreparabel[sic] injury" and undesirableside effects "from the forced medication." Compl. at 7, D.E. 1.

Perkins's complaint fails because DuBois, the sole defendant named by Perkins, is not amenable to suit in a *Bivens* action. In *Bivens,* the Supreme Court recognized a right of action against federal officials for the violation of the Fourth Amendment. *See Bivens,* 403 U.S. at 397. Defense attorneys do not act under color of federal law under *Bivens,* whether private retained or

---

[2] In addition to the thirteen listed actions, Perkins has filed two actions since 2011, *see Perkins v. DuBois,* No. 5:11-CT-3087-D (E.D.N.C. Dec. 5, 2011); *Perkins v. Holder,* No. 5:13-HC-2089-D (E.D.N.C. Oct. 18, 2013).

[3] On November 6, 1992, Perkins was civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. *See* Compl. 2; Am. Compl. 2; *see also United States v. Perkins,* No. 5:92-HC-654-BR (E.D.N.C. Nov. 6, 1992) (order and judgment).

3

Case 5:15-ct-03189-D   Document 10   Filed 01/07/16   Page 3 of 5

employed as public defendants, and therefore are not amenable to suit. *See, e.g., Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Hall v. Quillen,* 631 F.2d 1154, 1155–56 (4th Cir. 1980); *Peas v. Potts,* 547 F.2d, 800, 800 (4th Cir. 1976) (*per curiam*). Therefore, the undersigned recommends that Perkins' complaint be dismissed for failure to state a claim. Furthermore, the court has previously noted that a review of Perkins's docket reveals that he has had at least twelve hearings since his original commitment hearing, and "courts have repeatedly observed that Perkins has received all of the statutory entitlements that he is due, and have rejected his assertions of ineffective assistance of counsel." *Perkins v. DuBois,* No. 5:11-CT-3087-D, 2011 WL 6034546, at *2 (E.D.N.C. Dec. 5, 2011) (collecting cases).

Based on the foregoing, the undersigned recommends that the court GRANT Perkins's motion to amend (D.E. 5), DISMISS Perkins's frivolous action for failure to state a claim, and DENY Perkins's motions for summary judgment (D.E. 7, 8) and for leave to proceed in forma pauperis (D.E. 2).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: January 7, 2016

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE