## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:15-CT-3189-D

| | |
|---|---|
| VICTOR B. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| G. ALAN DUBOIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On July 27, 2015, Victor B. Perkins ("Perkins" or "plaintiff"), filed a pro se complaint against Assistant Federal Public Defender G. Alan DuBois ("DuBois" or "defendant") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [D.E. 1]. DuBois represented Perkins in November 1992 at his civil commitment proceeding under 18 U.S.C. § 4246, and Perkins contends that DuBois gave a "perfunctory performance." Am. Compl. [D.E. 5] 2.[1] Perkins alleges that DuBois "failed to meet with him until the day of the commitment proceeding" and that DuBois failed to request an independent mental health examiner under 18 U.S.C. § 4246. Id. 6; Am. Compl. 2–3. Perkins seeks "financial compensation of 5 million dollars in compensatory damages and 5 million dollars in punitive damages for the psychological and psychiatric depression and emotional distress and physical damages" that Perkins allegedly suffered as side effects of "forced medications." See Am. Compl. 1. Perkins also filed a motion for leave to proceed in forma pauperis [D.E. 2], a motion to amend his complaint [D.E. 5], a "motion to compel arbitration" [D.E. 6], a motion for summary judgment [D.E. 7], and a renewed motion

---

[1] On November 6, 1992, Perkins was civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. See Compl. 2; Am. Compl. 2–3; United States v. Perkins, No. 5:92-HC-654-BR (E.D.N.C. Nov. 6, 1992), [D.E. 4–5] (order and judgment) (unpublished).

for summary judgment [D.E. 8].

The court referred this case to Magistrate Judge Numbers for a memorandum and recommendation. On January 7, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 10], recommending that the court grant Perkins's motion to amend his complaint, deny Perkins's motions for summary judgment and for leave to proceed in forma pauperis, and dismiss the action as frivolous. On December 28, 2015, while the action was pending with Judge Numbers, Perkins filed a motion for an interlocutory judgment [D.E. 9]. On January 25, 2016, Perkins filed objections to the M&R [D.E. 11]. On January 27, 2016, Perkins filed a second amended complaint asserting his previous claims [D.E. 12]. As explained below, the court grants Perkins's motions to amend his complaint, dismisses Perkins's action, and denies the remaining motions.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Frivolous claims lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court has reviewed the M&R, the record, and Perkins's objections. As for those portions of the M&R to which Perkins made no

2

objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Perkins objected. Perkins contends that Judge Numbers erred in concluding that DuBois, the sole defendant named by Perkins, is not amenable to suit under Bivens. Obj. [D.E. 11] 2-3.

Perkins is a familiar litigant in this district, having filed at least fifteen actions since 2000. See Perkins v. Dubois, No. 5:11-CT-3087-D, 2011 WL 6034546, at * 1 n.1 (E.D.N.C. Dec. 5, 2011) (unpublished) (collecting cases).[2] At least four of these actions involved the same claim Perkins makes here—that DuBois rendered ineffective assistance of counsel at Perkins's commitment proceeding. See id. at * 1-3; Perkins v. DuBois, No. 5:03-HC-54-H (E.D.N.C. Mar. 25, 2003), [D.E. 5]; Perkins v. DuBois, No. 5:01-HC-806-BR (E.D.N.C. Feb. 6, 2002), [D.E. 10]; Perkins v. DuBois, No. 5:00-HC-254-H (E.D.N.C. Jul. 14, 2000), [D.E. 7].

DuBois is not amenable to Perkins's suit under Bivens for ineffective assistance of counsel in a civil commitment action. In Bivens, the Supreme Court recognized a private right of action against federal officials who violate the Constitution while acting under color of federal law. See Bivens, 403 U.S. at 389. Defense attorneys do not act under color of federal law under Bivens, whether privately retained or employed as public defenders (like DuBois), and therefore are not amenable to suit. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (discussing state action in the section 1983 context); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (same); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (same). Furthermore, Perkins has had at least twelve hearings since his original commitment hearing, and "courts have repeatedly observed

---

[2] In addition to the thirteen listed actions, Perkins has filed two actions since 2011. See Perkins v. DuBois, No. 5:11-CT-3087-D, 2011 WL 6034546 (E.D.N.C. Dec. 5, 2011) (unpublished); Perkins v. Holder, No. 5:13-HC-2089-D (E.D.N.C. Oct. 18, 2013), [D.E. 7].

3

that Perkins has received all of the statutory entitlements that he is due, and have rejected his assertions of ineffective assistance of counsel." Perkins, 2011 WL 6034546, at *2 (collecting cases).

In sum, Perkins's motions to amend his complaint [D.E. 5, 12] are GRANTED. The court ADOPTS the conclusions in the M&R [D.E. 10] and Perkins's complaint [D.E. 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). Perkins's remaining motions [D.E. 2, 7, 8, 9, 12, 13] are DENIED. The clerk shall close this case.

SO ORDERED. This **2** day of March 2016.

JAMES C. DEVER III
Chief United States District Judge